IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC, | § | |
| | § | |
| Plaintiff, | § | C.A. No. 2:08-cv-471-TJW-CE |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| MERRILL LYNCH & CO., INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## RBS'S MOTION TO SEVER AND TRANSFER

Pursuant to 28 U.S.C. § 1404(a) and Federal Rule of Civil Procedure 20, defendant RBS Citizens, N.A. ("RBS") moves to sever plaintiff's claim against RBS and transfer it to the District of Rhode Island.

**I.   Introduction**

This is a patent infringement case. Plaintiff TQP Development, LLC ("TQP") alleges that defendants infringe U.S. Patent No. 5,412,730. Complaint ¶¶ 89-130 (Dkt. 1). The '730 patent is entitled "Encrypted Data Transmission System Employing Means for Randomly Altering the Encryption Keys" and purports to be directed to a "modem suitable for transmitting encrypted data over voice-grade telephone line." TQP alleges that RBS has infringed the '730 patent by "methods practiced on various . . . websites" and lists the following websites: citizensbankonline.com, citizensbankmoneymanagergps.com, accessmycardonline.com, charter oneonline.com, and moneymanagergps.com. Complaint ¶¶ 115. Based on the allegations of the complaint, it appears that TQP's claims will focus on the use of encryption in online banking products and services ("accused systems").

**II.     Plaintiff's claim against RBS must be severed because it does not arise from the same transaction or occurrence as plaintiff's other claims.**

A plaintiff cannot join multiple defendants in one action unless the asserted claims "arise out of the same transaction or occurrence." FED. R. CIV. P. 20.  To satisfy Rule 20, a plaintiff seeking to join multiple defendants in a patent infringement suit must allege that the defendants have some common involvement in (or joint liability for) particular acts of infringement.  *See Paine, Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner &* Smith, 564 F. Supp. 1358, 1371 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction." (citing *Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F. Supp. 970, 974 (N.D. Ill. 1973) (holding that patent infringement claims must be severed if defendants are "charged only with several and individual infringements")))). In other words, when a plaintiff accuses multiple defendants of discrete acts of infringement, the "same transaction or occurrence" standard is not met, even if the acts are somehow "similar."

Here, TQP has not claimed that any alleged act of infringement by RBS arose from the same transaction or occurrence (or series thereof) as any alleged act of infringement by any other defendant.  In fact, TQP has not claimed that the conduct of any of the alleged infringers is interrelated in any fashion.  Rather, the only "connection" between TQP's claim against RBS, on the one hand, and TQP's claims against any other defendant, on the other hand, is the fact that all defendants have been accused of individually infringing the same patent.  Because such a "connection" does not satisfy the "same transaction or occurrence" standard, plaintiff's claims against RBS must be severed.

**III.    Plaintiff's claim against RBS should be transferred to Rhode Island where the vast majority of relevant evidence and witnesses is located.**

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." Section 1404(a) is intended to give discretion to the district court for adjudicating motions to transfer on an " 'individualized, case-by-case consideration of convenience and fairness.' " *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The goals of § 1404(a) are to prevent the waste of time, energy, and money, as well as to protect litigants, witnesses, and the public from unnecessary inconvenience and expense. *See Van Dusen*, 376 U.S. at 616.

Although Federal Circuit law governs substantive issues of patent law, regional circuit law controls non-substantive issues, such as transfers under 28 U.S.C. § 1404(a). *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Under § 1404(a), a defendant is entitled to transfer as a matter of law if it demonstrates that the proposed transferee forum is "clearly more convenient" than the current forum. *In re Volkswagen*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc) (*Volkswagen III*).

Deciding a motion to transfer is a two-step process. First, the district court must determine that the plaintiff's claims might have been brought in the suggested transferee district. *Id*. at 312-13. Second, the court must consider and balance the convenience of the parties in both venues. *Id*. at 314-16. This balancing involves an examination of private and public interest factors, none of which has dispositive weight. *Id.* at 315. The private factors are (1) the availability of sources of proof, (2) the court's ability to secure witnesses' attendance, (3) the expense associated with witnesses' attendance, and (4) all other factors relevant in conducting an expeditious and inexpensive trial, such as the possibility of delay and prejudice if transfer is granted. *See id*.; *Novartis Vaccines & Diagnostics, Inc. v. Hoffman La Roche, Inc*., 597 F. Supp. 2d 706, 714 (E.D. Tex. 2009). The public convenience factors are (1) administrative issues and the congestion of the courts' dockets, (2) the local interest in deciding the dispute, (3) the courts' familiarity with the controlling law, and (4) the potential conflicts of law issues that may arise.

*Volkswagen III*, 545 F.3d at 315.  In assessing these factors, courts consider the degree to which each factor weighs in favor of transfer.  The court then considers whether the overall balance of factors "clearly" weighs in favor of transfer.  If so, transfer is required.

### A.     *Plaintiff's claim against RBS could have been brought in Rhode Island.*

Venue in a patent infringement action is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  It is undisputed that RBS resides in the District of Rhode Island, where its principal place of business is located.  *See* 28 U.S.C. § 1391(b); Ex. A ¶ 3.  For these reasons, TQP could have brought its claim against RBS in the District of Rhode Island.

### B.     *All relevant factors either weigh in favor of transfer or are neutral.*

The District of Rhode Island is a clearly more convenient forum. All material witness associated with RBS are located in or near the District of Rhode Island, which is roughly 1,500 miles from this District.  By contrast, RBS is unaware of any witness with material knowledge about this case located in this District.  In fact, this District has no connection to this dispute beyond the trivial facts that (i) the accused websites may be accessed here (as may be done in every other judicial district in the United States) and (ii) the plaintiff incorporated itself as a Texas limited liability company months before filing this action in an apparent attempt to manufacture some connection to this District.  As such, and as further shown below, the relevant private and public interest factors weigh in favor of transferring TQP's claim against RBS to the District of Rhode Island.

*1.      The convenience of material witnesses and cost of obtaining witness attendance.*

Courts typically regard the convenience of key fact witnesses as the most important factor in considering whether to transfer an action under Section 1404(a).  *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 774 (E.D. Tex. 2000); *In re Genentech, Inc.*, Misc. Dkt. No. 901, 2009 U.S. App. LEXIS 10882, at *8 (Fed. Cir. May 22, 2009) ("'The convenience of the witnesses is probably the single most important factor in transfer analysis'" (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006))).

Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit has established a "100-mile" rule, which requires that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. Tex. 2004) (*Volkswagen I*).  A district court's disregard of this 100-mile rule constitutes clear error.  *See TS Tech USA*, 551 F.3d at 1320.

Here, virtually all RBS witnesses expected to possess material knowledge relevant to TQP's patent infringement claim are located in or near the district of Rhode Island.  Ex. A ¶ 8.  By contrast, upon information and belief, no potential RBS witnesses work in the Eastern District of Texas.  Ex. A ¶ 12.  Likewise, it stands to reason that most non-party witnesses who may be called by either party are located in or near the District of Rhode Island (where the development of any RBS accused system took place), as opposed to the Eastern District of Texas, where RBS has no relevant operations.  *See* Ex. A ¶ 7 (listing Rhode Island, Massachusetts, and Virginia as development sites); Ex. A. ¶ 9 ("RBS does not have facilities in the Eastern District of Texas.").  In addition, on information and belief, the named inventor of

the patent-in-suit resides in New Hampshire within 100 miles of the United States District Court for the District of Rhode Island. Ex. A ¶ 13.

All such witnesses would materially benefit by having this matter litigated in or near the District of Rhode Island, rather than in this District. Indeed, depending on their location, these witnesses would need to travel anywhere from 500-1,500+ miles *farther* to attend trial in this District rather than the District of Rhode Island. *See Volkswagen III*, 545 F.3d at 317 ("[I]t is an obvious conclusion that it is more convenient for witnesses to testify at home and that [a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." (internal quotation marks omitted)). For these reasons, this factor greatly favors transfer, especially in light of the 100-mile rule. *See Zoltar Satellite Sys. v. LG Elecs. Mobile Comms. Co.*, 402 F. Supp. 2d 731, 737 (E.D. Tex. 2005) (holding that this factor favored transfer when majority of party and non-party witnesses were located in transferee forum).

*2.    The availability of compulsory process in the district of Rhode Island.*

As explained above, at least one non-party witness (the named inventor) is expected to be within the subpoena power of the District of Rhode Island yet beyond this District's subpoena power. *See* FED. R. CIV. P. 45(c)(3). When a proper venue exists that has absolute subpoena power over such non-party witnesses, "[t]his factor . . . weighs in favor of transfer." *Volkswagen III*, 545 F.3d at 316 (emphasis omitted); *see also Zoltar*, 402 F. Supp. 2d at 738 (same).

*3.    The accessibility and location of sources of proof.*

In *Volkswagen II*, the Fifth Circuit confirmed that "the relative ease of access to sources of proof" must be considered in deciding whether to grant a motion to transfer venue pursuant to § 1404(a). 506 F.3d at 384-85. Moreover, " '[i]n patent infringement cases, the bulk of the

relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.' " *In re Genentech, Inc.*, 2009 U.S. App. LEXIS 10882, at *16 (quoting *Neil Bros. Ltd.*, 425 F. Supp. 2d at 330 (internal quotation marks omitted)).

Here, the vast majority, if not all, of RBS's relevant documents concerning this action are likely to be located in the Providence, Rhode Island and Boston, Massachusetts metropolitan areas. For example, all of RBS's technical, financial, marketing, and sales documents relating to any RBS accused system are located in the Providence, Rhode Island and Boston, Massachusetts metropolitan areas. Ex. A ¶ 10. By contrast, none of RBS's documents or witnesses regarding any RBS accused system is expected to be located in this District. Ex. A ¶ 11. Likewise, as noted above, the named inventor is believed to be in New Hampshire, Ex. A ¶ 13, and so it would stand to reason that any relevant documents or other evidence in his possession would likewise be located near the District of Rhode Island.[1]

4.  *Other factors relevant in conducting an expeditious and inexpensive trial.*

RBS is unaware of any reason the District of Rhode Island could not conduct as expeditious and inexpensive a trial as this District. Moreover, any alleged delay and prejudice associated with transfer is relevant only in "rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *Novartis Vaccines & Diagnostics*, 597 F. Supp. 2d at 714 (internal quotation marks omitted). Here, however, there is no possibility of delay or prejudice in granting transfer because discovery has not yet begun and there is no reason to believe that the District of Rhode Island would delay disposition of this case. *See Cummings v. Sunrise Med. HHG, Inc.*, No. 2:07-CV-189, 2007 U.S. Dist. LEXIS

---

[1] Although documents relevant to plaintiff's claim may be stored electronically, the fact that "access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen III*, 545 F.3d at 316.

84961 (E.D. Tex. Nov. 16, 2007) (finding no prejudice in transferring where trial date was within five months of court decision on motion to transfer). For these reasons, this factor is neutral.

5. *The local interest in having localized interests decided at home.*

In contrast to the substantial nexus between the operative facts of this action and the District of Rhode Island, few if any of those facts have any valid relationship to this District.[2] Indeed, none of the equipment used to operate or maintain any RBS accused system is located in the Eastern District of Texas. *See* Ex. A. ¶ 6; *see also* Ex. A. ¶ 9 ("RBS does not have facilities in the Eastern District of Texas."). Likewise, as explained above, RBS's witnesses and documentary evidence are located in or near the District of Rhode Island. Finally, the development of any RBS accused system took place in or near Rhode Island. *See* Ex. A ¶ 7 (listing Rhode Island, Massachusetts, and Virginia as development sites). For these reasons, the center of gravity concerning any RBS accused system is the District of Rhode Island,[3] further demonstrating that this factor weighs in favor of transfer.

6. *Other public interest factors.*

The administrative difficulties flowing from court congestion, the forums' familiarity with the governing law, and the avoidance of problems with conflicts of laws are neutral factors in this transfer analysis. In terms of court congestion, RBS is not aware of any such difficulties flowing from this District or the District of Rhode Island. As to familiarity with governing law, both this District and the District of Rhode Island are equally equipped to decide this case

---

[2] The Fifth Circuit has rejected the notion that an otherwise proper motion to transfer may be denied based on product sales in the transferor district: "that a product is available within a given jurisdiction is insufficient to neutralize the legitimate local interest in adjudicating local disputes." *In re Volkswagen of Am. Inc.* (*Volkswagen II*), 506 F.3d 376 (5th Cir. Tex. 2007), *aff'd*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc).

[3] *Saint-Gobain Calmar v. Nat'l Prods. Corp.*, 230 F. Supp. 2d 655, 660 (E.D. Pa. 2002) (determining the "center of gravity" for alleged infringement focuses on "the location of a product's development, testing, research and production, and the place where marketing and sales decisions were made, rather than where limited sales activity has occurred").

because patent infringement claims are governed by federal law. *See TS Tech USA*, 551 F.3d at 1320. Finally, there are no conflict of law issues because federal patent law is statutory and all substantive district court decisions are reviewed by the same appellate court. *Zoltar*, 402 F. Supp. 2d at 738.

*   *   *

Because all private and public interest factors weigh in favor of transfer or are neutral, the District of Rhode Island is a clearly more convenient venue for this litigation.

## Conclusion

This Court should sever plaintiff's claim against RBS and transfer it to the District of Rhode Island.

MAY 29, 2009                                   Respectfully submitted,

                                                 /s/ Claudia Wilson Frost
                                               Claudia Wilson Frost
                                               State Bar No. 21671300
                                               PILLSBURY WINTHROP SHAW PITTMAN LLP
                                               909 Fannin, Suite 2000
                                               Houston, Texas 77010
                                               (713) 276-7600
                                               (713) 276-7673 (facsimile)
                                               Claudia.Frost@pillsburylaw.com

                                               **Attorney for RBS Citizens, N.A.**

Of Counsel:

Jeffrey L. Johnson
State Bar No. 24029638
PILLSBURY WINTHROP SHAW PITTMAN LLP
909 Fannin, Suite 2000
Houston, Texas 77010
(713) 276-7600
(713) 276-7673 (facsimile)
Jeffrey.Johnson@pillsburylaw.com

Michael E. Jones
State Bar No.: 10929400
POTTER MINTON
P. O. Box 359
Tyler, Texas 75710
(903) 597-8311
(903) 593-0846 (facsimile)
mikejones@potterminton.com

**Attorneys for RBS Citizens, N.A.**

## Certificate of Conference

I certify that on May 29, 2009, I conferred with Marc Fenster, counsel for plaintiff, in a good-faith effort to resolve the matters addressed in this motion and he is opposed.

/s/ Claudia Wilson Frost
Claudia Wilson Frost

## Certificate of Service

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on May 29, 2009. Any other counsel of record will be served by first class U.S. mail on this same day.

/s/ Claudia Wilson Frost
Claudia Wilson Frost