UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:08-CV-471-WCB |
| MERRILL LYNCH & CO., INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

This is a supplemental claim construction ruling in this patent infringement case. This Court's original claim construction (Dkt. No. 383) dealt with claims 1 and 2 of U.S. Patent No. 5,412,730 ("the '730 patent"). During reexamination of the '730 patent, TQP Development, LLC, added several dependent claims, which have been asserted in this action. This order addresses three phrases used in those new claims. The claim language and the parties' respective proposed constructions of that language are as follows:

| Disputed Term | TQP's Construction | TD Ameritrade's Construction |
|---|---|---|
| "associating with each of a plurality of remote locations with which secured communication is required different seed values" (claim 3) | No construction necessary | "storing, for each of a plurality of remote locations with which secured communications is required, one unique station identification value linked to a single seed value" |
| "said provided seed value is one of a number of seed values for a plurality of remote locations with which secured communication is required" (claim 6) | No construction necessary | "the provided seed value is a single seed value that is linked to one unique station identification value from a plurality of seed values for remote locations with which secured communications is required" |

1

| Disputed Term | TQP's Construction | TD Ameritrade's Construction |
|---|---|---|
| "associating different ones of seed values with each of a plurality of remote locations with which secured communication is required" (claim 8) | No construction necessary | "storing, for each of a plurality of remote locations with which secured communications is required, one unique station identification value linked to a single seed value" |

The '730 patent discloses a secure communication system through the use of pseudo-random encryption keys. Those keys are generated using a combination of a seed value and the message data that is being sent over the transmission medium.

The disclosure in the '730 specification that pertains to the three dependent claims at issue here consists, first, of the statement that "different random number seed values . . . may be associated with each of a plurality of remote locations with whom secured communication is required, so that the data on any given link is decipherable only by the authorized receiving station, even though other stations may have identical communication and decryption hardware." '730 patent col. 1, line 67, through col. 2, line 7. In discussing a "network operating under central control," the specification notes that a "key memory at each terminal may be loaded, by a secure communication from the central control, with encryption keys associated with other terminals with which secured communication is authorized. In this way, the central control can selectively permit or prohibit any terminal from decoding communications from any other terminal on a dynamically changing basis." Id. col. 2, ll. 40-46.

In a section entitled "Enhancements," the specification provides that "the invention may utilize a key storage system to store unique keys for different called and calling parties," id. col. 8, ll. 7-9. It then explains that the random number generators obtain their seed values from a key memory, which "stores the random number keys indexed by destination." Id. col. 9, ll. 53-54. The use of key memories "allows the stations to be operated as terminals in a secure network

2

under the control of a central station which, in separate transmissions over different secure links, enters (and erases) the keys needed by authorized sending and receiving stations connected to the network. In this way, the central station permits one network user to transmit to a single other user, or to 'broadcast' to selected, authorized users on the network only, while enabling all terminals to use the network for unsecured transmissions." Id. col. 9, line 63, through col. 10, line 5.

TQP argues that the claim phrases at issue do not require any construction because the claim language is clear on its face and would be easily understood by a jury. TQP further contends that TD Ameritrade's constructions impermissibly narrow the scope of the claims by adding limitations that are not found in the claims or required by anything in the specification. TD Ameritrade counters that the specification teaches only embodiments that perform the limitations outlined in its construction and that, to be enabled, the claims must be read to include those limitations.

The Court believes that some construction of the disputed claim language will assist the jury to understand the claims. The Court does not adopt TD Ameritrade's construction, however. The Court concludes that the plain meaning of the disputed language in claims 3 and 8 is that a different seed value is associated with each remote location with which secured communication is required, but that claim 6 is not so restrictive. Claim 6 merely requires that a number of different seed values be provided for a plurality of remote locations. There is no requirement in claim 6 that each of the different seed values be associated on a one-to-one basis with each of the different remote locations. Moreover, TD Ameritrade's proposed claim construction introduces the concept of "storing" into claims 3, 6, and 8 even though that term is not used in those claims (but is used in claim 4). The term "associating," which is used in claims

3

3 and 8, is sufficiently clear that it is not likely to confuse the jury. Similarly, the Court finds that TD Ameritrade's reference to "one unique station identification value" is unnecessary to assist the jury in understanding the claim language and in fact would be likely to require further elaboration in order for the jury to understand the scope of the claims. Finally, the Court is not persuaded that the claim language, as construed, is unsupported by the specification. While the specification does not contain a detailed discussion of the embodiments addressed by claims 3, 6, and 8, the Court concludes that the discussion in the specification is sufficient to support the construction adopted below, which is consistent with the plain language of the claims.

Accordingly, the Court will construe the disputed claims to mean the following:

Claim 3: "when secured communication is required with two or more remote locations, associating, at the transmitter, a different seed value with each of the remote locations."

Claim 6: "when secured communication is required with two or more remote locations, providing more than one seed value for a number of the remote locations for which secured communication is required."

Claim 8: "when secured communication is required with two or more remote locations, associating a different seed value with each of the remote locations."

SIGNED this 29th day of May, 2012.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE