IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL  DIVISION

Judge William C. Bryson

| | | |
|---|---|---|
| TQP DEVELOPMENT | )( | |
| | )( | |
| | )( | |
| | )( | |
| V. | )( | CIVIL NO. 2:08CV471 |
| | )( | |
| MERRILL LYNCH & CO. | )( | |

_____

| | |
|---|---|
| ATTORNEY FOR PLAINTIFFS: | James Fussell; Adam Hoffman;  Alexander Giza; Jules Kabat; Marc Fenster; Ben Wang |
| ATTORNEY FOR DEFENDANTS: | Michael Hawes; Bradley Bowling; Michael Smith; Natalie Alfaro; Roger Fulghum |
| LAW CLERK: | |
| COURTROOM DEPUTY: | Mel Martin |
| COURT REPORTER: | Shelley Holmes |

_____

PRETRIAL CONFERENCE AND MOTION HEARING
July 26, 2012 @ 8:30 a.m.

OPEN:        8:31_____ADJOURN: 2:28
_____

8:31    ct opens; case called; begin with pretrial conference and then move to discussion on the motions; first order on trial procedures that cover how we are going to proceed; a few details that were not mentioned in the order; typical practice here is that the prospective jurors are shown a video that explains the patent process; 15 min recess to make strikes; 3 strikes each side; 8 person jury; would like you to question from the lectern; resolve as many as the pending evidentiary disputes that you have, open to having a conference by telephone the week before trial; indicated that you believe case can be tried in a week; hours per trial; is 12 hrs per side sufficient;

| | |
|---|---|
| 8:47 | Fenster/ 10 to 12 hrs is sufficient; does that include opening and closing |
| 8:48 | ct/ no; have designated 30 mins for opening and 1 hr for closing; |
| 8:49 | Fenster/ appreciate the hour for closing; 10 to 11 hrs would be sufficient if opening and closing is not included; request 45 mins for opening; timing of side bars and charge the time to the party who loses the objections |
| 8:50 | ct/ will not charge side bars to anyone unless there are excessive objections being overruled by one side, then I may begin to charge both sides; opening statement and want to minimize it, wary of going beyond 30 mins; in your view should I be entering an order re: Proposed Pretrial Order; |
| 8:54 | Hawes/ 30 mins is appropriate for opening; 10 hrs each side in term of testimony; |
| 8:54 | ct/ 10 hrs each side for trial; punctual with breaks and lunch; |
| 8:56 | Fenster/ general practice if a witness is on the stand and we take a break |
| 8:57 | ct/ while a witness is under examination he is not to discuss the subject matter or testimony; |
| 8:58 | Fenster/ would request additional time for VD to make it 30 instead of 20 mins |
| 8:58 | ct/ small venire; will here from Mr. Hawes on that; |
| 8:59 | Hawes/ 20 mins is fine for voir dire; |
| 8:59 | ct/ which would you prefer |
| 8:59 | Hawes/ the 20 mins; some motions that would confine the trial evidence in some ways; all of that might affect the time |
| 9:00 | ct/ will go with 20 mins for voir dire; any further questions |
| 9:00 | Wang/ issues that we wanted to flag; have met and conferred on PTO; exchanged of opening and closing materials, demonstratives and exhibits; TDA does not want to share opening and closing materials; order re: trial procedures |
| 9:02 | ct/ my view of this; |
| 9:04 | Wang/ how this came up in a previous trial; |
| 9:04 | ct/ will reserve that one; |
| 9:04 | Wang/ second point; exchange of exhibits and demonstratives that are used during the trial; |
| 9:05 | ct/ that is fine and I will be available; |

| | |
|---|---|
| 9:05 | Wang/ jury notebooks; include pictures of the witness'; |
| 9:06 | ct/ that is very helpful |
| 9:06 | Wang/ next issue, limiting the asserted claims; asked dfts to narrow their prior art references; indicated that they are unwilling to do that; |
| 9:07 | ct/ I will hear from the dfts on that |
| 9:08 | Wang/ identification of witness' that will be called each day, 2 days before; rebuttal witness' |
| 9:08 | ct/ with respect to rebuttal witness' |
| 9:10 | Wang/ exhibit objections; we identified 165 trial exhibits and have objected to 130 of them; |
| 9:11 | ct/ will hold off until I hear from the other side; |
| 9:12 | Wang/ both sides have work to do; |
| 9:12 | ct/ that is a daunting number of rulings to do in one phone call; don't want to do that again; |
| 9:13 | Wang/ depo plays; ask that they be played in order |
| 9:14 | ct/ this issue has come up frequently; |
| 9:18 | Smith/ exchange of opening and closing demonstratives; |
| 9:20 | ct/ what do you have in mind other than pre-admitted exhibits; |
| 9:21 | Smith/ jury notebooks |
| 9:21 | ct/ suggest that the more help you can give the jury the better; |
| 9:23 | Smith/ trial exhibits, proposed meeting yesterday at 3pm and they were unable to attend; |
| 9:24 | Hawes/ gives example; |
| 9:24 | ct/ will make myself available by telephone tomorrow and over the weekend; important that we get this resolved; |
| 9:26 | Smith/ not available this afternoon |
| 9:26 | ct/ will be available tomorrow and will make myself available each day until late next week; |
| 9:26 | Hawes/ a couple of issues; limiting claims and limiting prior art references; question of how depos will be played; my concern; |
| 9:30 | ct/ how he testified; |

| | |
|---|---|
| 9:31 | Hawes/ responds; |
| 9:34 | ct/ should be possible to workout; |
| 9:36 | Hawes/ offer a compromise; ask ct to unseal last weeks sealed orders; |
| 9:37 | ct/ in another case I initially issued an order under seal and then asked the ptys if it was necessary for them to remain under seal; something that I propose to do; |
| 9:41 | Hawes/ witness that is on the will call list for TQP; |
| 9:42 | ct/ not sure I completely understand all the nuances here; hard to rule in the abstract on this; |
| 9:45 | Hawes/ to be safe we will make the designation; we can make the exception here; |
| 9:45 | ct/ responds |
| 9:45 | Hawes/ voir dire; how parties will be referred to and prefer TD Ameritrade; |
| 9:47 | ct/ propose language that you are more comfortable with; once again this deposition issue; |
| 9:48 | Wang/ in regards to Mr. Rivest; |
| 9:51 | ct/ 30(b)(6) issue |
| 9:51 | Wang/ responds; |
| 9:55 | Hawes/ will give them designations |
| 9:56 | ct/ anything else left open |
| 9:56 | Wang/ limiting of claims and prior art references |
| 9:57 | ct/ not going to force parties to reduce claims or prior art references; |
| 9:57 | Wang/ voir dire; |
| 9:58 | ct/ heard a proposal |
| 9:58 | Wang/ problematic for us |
| 9:58 | ct/ give both an opportunity to submit or omit introductory remarks; parties propose competing language and have it to me by tomorrow afternoon; |
| 9:59 | Hawes/ will submit it; |
| 9:59 | Fenster/ point about limiting the prior art and our request; |
| 10:00 | ct/ sealed orders issue |
| 10:00 | Fenster/ no issue with the unsealing of those orders; understand from the last trial and some discussion of the proper use of expert reports; last question as respect to claim |

|       |                                                                                                                                                                  |
|-------|------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|       | construction                                                                                                                                                     |
| 10:03 | ct/ the ptys have agreed to the claim construction from the other case                                                                                           |
| 10:03 | Fenster/ both ptys have been treating all 4 claim constructions as governing;                                                                                    |
| 10:04 | Hawes/ on expert reports                                                                                                                                         |
| 10:05 | ct/ they are usable for impeachment                                                                                                                              |
| 10:06 | Hawes/ in regards to claim construction orders; the orders that are in play in this case are the ones in this case;                                              |
| 10:06 | ct/ your position is that to the extent we include claim constructions in the jury notebook are only the ones entered in this case, I agree; have we covered everything that needs to be covered here |
| 10:08 | Hawes/ I have covered all the points on my list                                                                                                                  |
| 10:08 | Fenster/ 2 rulings by the court                                                                                                                                  |
| 10:08 | ct/ by Judge Ward or myself in this case                                                                                                                         |
| 10:08 | Fenster/ by Judge Ward in another case;                                                                                                                          |
| 10:10 | ct/ first issue eluded to in a pending motion but don't believe the second issue has; would like simultaneous briefing on this;                                  |
| 10:11 | Hawes/ Monday                                                                                                                                                    |
| 10:11 | Fenster/ agrees                                                                                                                                                  |
| 10:11 | ct/ Monday works for me, to be filed by 4pm; confer about the deposition issue;                                                                                  |
| 10:12 | recess;                                                                                                                                                          |
| 10:27 | ct resumes                                                                                                                                                       |
| 10:28 | ct/ one point I failed to address                                                                                                                                |
| 10:29 | Hawes/ responds                                                                                                                                                  |
| 10:29 | Fenster/ Eastern District rules design;                                                                                                                          |
| 10:30 | ct/ not in a position to know how thorough your disclosures have been;                                                                                           |
| 10:31 | Hawes/ can we identify the ED rule                                                                                                                               |
| 10:32 | Fenster/ responds; disclose what they intend to use                                                                                                               |
| 10:33 | Hawes/ reply;                                                                                                                                                    |
| 10:36 | ct/ going to propose would like TDA to provide a more restricted list of the principle items of prior art that it will rely upon; offer as a compromise          |

10:38   Hawes/ we don't like one way restriction on our case

10:38   Fenster/ responds; our case is fully flushed out

10:40   Hawes/ address' the ct;

10:41   ct/ will ask TDA to provide a list of the principle prior art references; did not get an answer to my question re: the PTO;

10:42   Fenster/ don't see that it is necessary

10:42   Smith/ we do thin it is necessary that it be signed;

10:43   ct/ will enter an order

10:43   Fenster/ might have a slight change to the proposed verdict form; time frame for proposed prior art references;

10:44   ct/ end of the day Friday;

**MOTION HEARING**

10:44   ct/ motions by categories; 1st group summary judgment motions dkt #'s  521, 531, 519, and 520;

10:46   Fenster/ address' dkt # 521;

10:49   Bowling/ responds;

10:55   Hoffman/ address' the ct;

11:00   Bowling/ responds;

11:05   ct/ will enter orders by early next week; next one is 531 issue of divided infringement

11:06   Fenster/ responds;

11:07   Alfaro/ we do agree and it is a non-issue;

11:07   ct/ dkt # 519; pending disposition, don't know what I can do at this point on this motion other than hold it over; thinking ahead best we can do is proceed in a way that will allow us to write jury interrogatories to protect a judgment in this case; I hope we have a resolution before we have jury instruction on this case;

11:09   Hawes/ look to the law that is in place currently;

11:10   ct/ looking for a way to protect ourselves against a chance that the Federal Circuit will do that; have not worked it out but invite the ptys to give it some thought;

11:12   Hawes/ third option a continuance for a month;

11:14   ct/ concerned with the situation of the ptys; reluctant to do and would do it only if both

| | |
|---|---|
| | ptys wanted it; |
| 11:16 | Hawes/ responds; |
| 11:17 | Fenster/ re: procedurally how we move forward; does make sense to hold decision on summary judgment; it would be incredibly burdensome to continue the case; my one sentence in rebuttal; |
| 11:19 | ct/ move to dkt # 520; |
| 11:20 | Hawes/ argues 520; |
| 11:21 | ct/ let's talk about Judge Ward's claim construction; |
| 11:21 | Hawes/ responds; |
| 11:26 | ct/ how to interpret Judge Ward's claim construction; |
| 11:27 | Hawes/ pages where we identified it; pg 6 of dkt # 573; |
| 11:29 | Fenster/ responds; |
| 11:33 | ct/ if we assume you are correct, is there a factual dispute that bears on whether there is a question of providing in this case |
| 11:36 | Fenster/ responds; our position |
| 11:38 | ct/ move to dkt # 528 motion to exclude |
| 11:39 | Hoffman/ address' the ct; |
| 11:45 | Alfaro/ responds; |
| 11:52 | ct/ move on to remaining Dalbert motions dkt # 526 and 510 |
| 11:53 | Giza/ argues dkt # 526; |
| 12:01 | Hawes/ responds; |
| 12:09 | ct/ move to Becker motion, # 510 |
| 12:09 | Smith/ argues motion; |
| 12:11 | Hoffman/ responds; |
| 12:18 | ct/ will resume with motion in limine and dkt # 563 motion for sanctions; |
| 12:18 | Hawes/ we have discussed deposition issue; |
| 12:19 | recess; |
| 1:16 | ct resumes; will need to move quickly, starting with TQP motion # 1; |
| 1:18 | Wang/ all we are asking for |
| 1:18 | ct/ denies motion in that form; now  # 2 |

| | | |
|---|---|---|
| 1:18 | Bowling/ responds; | |
| 1:18 | ct/ no issue with direct; motion # 3 reason I should not grant this motion | |
| 1:19 | Hawes/ responds; | |
| 1:20 | Wang/ reply | |
| 1:21 | ct/ will visit this question when it arrives at the damages stage; no general relevance to patents that I can see; | |
| 1:22 | Wang/ one related issue | |
| 1:22 | Hawes/ responds | |
| 1:22 | ct/ # 4, goes to question on providing issue | |
| 1:22 | Hawes/ responds | |
| 1:24 | ct/ motion in limine # 5; | |
| 1:24 | Bowling/ that is correct | |
| 1:24 | ct/ denies motion | |
| 1:24 | Wang/ gave three specific examples of what they wanted to address with the inventor | |
| 1:25 | Bowling/ responds; | |
| 1:26 | ct/ don't think that is beyond the scope of questioning the inventor; motion # 6 is moot; motion # 7, will deal with that in context of Olivier; motion # 8 no reason to strike, will deal with foundation if and when it comes up; | |
| 1:27 | Giza/ one quick point on that; | |
| 1:29 | Hawes/ responds; | |
| 1:29 | ct/ motion in limine # 9; have looked at that and my approach would be to say, not going to exclude that particular item for purposes of possible impeachment; | |
| 1:30 | Wang/ address' the ct; | |
| 1:32 | Hawes/ responds; | |
| 1:32 | Wang/ reply; | |
| 1:34 | Hawes/ willing to submit question in camera to you but will not give my cross to them; | |
| 1:34 | ct/ will allow you to submit to me information re: admissibility; initial reaction inclined to grant request to cross on this issue; 1:35   motion in limine # 10 | |
| 1:36 | Hawes/ a package deal a bunch that are related; | |
| 1:36 | ct/ problem with excluding this | |

1:36    Hawes/ cherry picking

1:36    ct/ grants, except; motion in limine # 11 same as TDA 13;

1:37    Hoffman/ yes; address' the ct; talking about settlements

1:40    Hawes/ on damages point;

1:41    ct/ what evidence do I have now before me that this in inadmissible because of that; will hold off ruling on this one;

1:43    Hoffman/ address' the ct;

1:44    Hawes/ responds;

1:45    ct/ okay will hold off on this; # 12,

1:45    Hawes/ responds re: # 12 related motion;

1:45    ct/ will deal with it in that context;   # 14, don't like advisory juries;

1:47    Wang/ one issue,

1:47    Hawes/ this is about latches; one point cost of litigation

1:48    Hoffman/ address' the ct;

1:49    ct/ move to TDA's motion in limine # 1, don't understand TQP to be arguing for a priority date earlier than the filing date;

1:49    Bowling/ responds;

1:50    ct/ not going to make a blanket prohibition on how he came up with this invention; deny that; series of MIL's directed at costs, breaches of security,

1:51    Giza/ clarification on MIL's 2 and 3

1:51    ct/ didn't think those were in the case

1:51    Giza/ address' the ct;

1:51    Hawes/ they agreed to that one;

1:53    ct/ talking about # 3;

1:54    Giza/ responds;

1:54    Hawes/ last paragraph of our MIL's;

1:55    ct/ will look at this question, I am inclined to hold you to the terms of your agreement;

1:55    Fenster/ may have been our mistake

1:57    Hawes/ don't know how we could have been more clear in our wording

1:57    ct/ not going to rule on this at the moment;

| | |
|---|---|
| 1:58 | Fenster/ responds |
| 1:58 | ct/ will look at it; talking about the group of MIL's dealing with security budget, online banking, data breach; |
| 2:00 | Kabat/ motions # 4, 7, and 8 |
| 2:00 | ct/ quite general in nature; |
| 2:00 | Kabat/ address' the ct; |
| 2:06 | Bowling/ responds |
| 2:08 | ct/ grants these motions, 4, 7, 8, and 11; brings us to MIL # 10 |
| 2:09 | Hawes/ contingent with the Dalbert motion |
| 2:09 | Hoffman/ I disagree |
| 2:09 | ct/ I follow you; MIL # 13, parallels TQP's 11, will put this on the shelf as well; MIL # 15 and it matches there # 4, thinking about that as well; move to sanctions issue and issue of portions of SJ order should be effectively translated into instruction for the jury |
| 2:11 | Hawes/ point out two things; |
| 2:13 | ct/ focus your attention |
| 2:17 | Hawes/ will look at all that |
| 2:17 | Fenster/ responds; |
| 2:18 | ct/ arrangement was improper |
| 2:22 | Fenster/ instruction should not be taken out of context |
| 2:23 | Hawes/ responds; |
| 2:23 | ct/anything else |
| 2:23 | Hawes/ one more thing |
| 2:23 | Fenster/ opening slides |
| 2:23 | ct/ bring me back to that point; open question that I did not tie up |
| 2:24 | Smith/ it was left open |
| 2:24 | ct/ not going to get into closing, let's deal with opening for now |
| 2:24 | Smith/ consider it work product; don't want to turn over our view of the case; one other point; |
| 2:25 | ct/ how many demonstratives are you going to use |
| 2:26 | Hawes/ responds; |

2:26    ct/ suppose we have plfs disclose to you and then you get a period of time and then you disclose to the plfs

2:27    Fenster/ responds

2:28    Hawes/ responds, if they provide them end of business I will have ours to them beginning of business the following day;

2:28    adjourned